IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

```
TIEN HO,                         :    MOTION TO VACATE
BOP No. 57631-019,               :    28 U.S.C. § 2255
     Movant,                     :
                                 :    CIVIL ACTION NO.
     v.                          :    1:11-CV-3189-JEC-ECS
                                 :
UNITED STATES OF AMERICA,        :    CRIMINAL ACTION NO.
     Respondent.                 :    1:05-CR-543-12-JEC-ECS
```

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" filed by Tien Ho (the "Movant"), the government's "Response," the Movant's "Traverse in Reply," and the Movant's "Motion to Compel Action by the Court." See [Doc. Nos. 1592, 1603, 1606, 1686]. For the following reasons, the undersigned recommends that: (1) Movant's § 2255 motion be denied, (2) a certificate of appealability be denied, and (3) Movant's "Motion to Compel Action by the Court" be denied as moot.

In 2005, Movant and dozens of co-defendants were indicted for serious drug trafficking offenses. See [Doc. No. 1]; see also [Doc. Nos. 512 (First Superseding Indictment) & 640 (Second Superseding Indictment)]. Through retained counsel, Movant pled guilty to one drug conspiracy count. See [Doc. No. 1207-1]. Movant – one of the principal co-conspirators – was subsequently

sentenced to serve a 183-month term of imprisonment. See [Doc. No. 1463].

Movant appealed his sentence. See [Doc. No. 1476]. The United States Court of Appeals for the Eleventh Circuit dismissed Movant's appeal "as barred by the waiver in [his] plea agreement." [Doc. No. 1544 at 4]; see also [Doc. No. 1207-1 at 8 (waiver of appeal and collateral challenge rights)].

Movant has now filed a § 2255 motion in which he states a single ground for relief, namely, that his "Sixth Amendment right to effective assistance of counsel was violated" because his "counsel failed to object to and contest [the] application of [a] firearm enhancement." [Doc. No. 1592 at 4]; see also [id. at 19 (same), 21 (same) & 31 (same)].

Movant is not entitled to relief on this ground for two reasons. First, his § 2255 motion is barred by the enforceable collateral attack waiver in his Plea Agreement. And second, the record does not bear out his allegation that his counsel failed to object to the firearm enhancement; rather, the record directly contradicts this allegation.

Movant's Plea Agreement included a provision stating that:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the sentence in any post-conviction proceeding, including a § 2255 proceeding,

2

> on any ground, except that the defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

[Doc. No. 1207-1 at 8].

In the Eleventh Circuit, "sentence appeal waivers, made knowingly and voluntarily, are enforceable." United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (sentence appeal waiver enforced in a collateral proceeding). Such waivers are upheld where "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver . . . or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of that waiver." Bushert, 997 F.2d at 1351. These requirements are met in this case. See [Doc. No. 1505 at passim]. Movant's § 2255 motion may, therefore, appropriately be dismissed without reaching the merits of his sole ground for relief.

But, even assuming that relief would not be barred by the waiver, Movant's sole ground for relief – that his retained counsel was ineffective "during the sentencing process [because he] failed to object to and contest application of the firearm enhancement" under U.S.S.G. § 2D1.1(b)(1) [Doc. No. 1592 at 4] – is contradicted

3

by the record. It is clear in the sentencing hearing transcript that Movant's counsel did, in fact, challenge the application of the two-level enhancement for the specific offense characteristic of possession of "a dangerous weapon (including a firearm)." U.S.S.G. §2D1.1(b)(1). Movant's counsel stated: "We would adopt [co-defendant's] argument about the gun. Very similar. We think that the enhancement overstates the degree the gun was involved and thus the sentence." [Doc. No. 1500 at 159]. By so stating, Movant's counsel adopted the argument that:

> The gun really overstates the seriousness of the offense and puts [co-defendant] in a two level higher offense level than he would otherwise be in. And I understand that under 2D, the drug guideline, that the enhancement is proper. A gun was found in [co-defendant's] house . . . . It was in the bedroom of one of the family members.
>
> But I think when you look at the criteria that apply in the safety valve, you know, someone is eligible unless the gun is in connection with the offense. And so while the 2D is applicable I think the Court can look at that and say I think it overstates the offense level because it wasn't a gun that was used in connection with the offense as defined by safety valve. So it's a mixed bag as to the gun.
>
> I don't think the Government is going to say that [co-defendant] ever displayed or brandished or threatened to use a gun. I don't think the Government can say that defendants who had a direct tie with [co-defendant], you know, threatened to use, displayed, or brandished a gun. So it's there in the house and it's there for family protection in the way many people have guns in their houses, but not in connection with a drug organization to protect their turf. So I think

>      the Court under 3553 can lower the sentence to some
>      degree because of the enhancement under 2D.

[Doc. No. 1500 at 148].

For Movant's co-defendant, this argument proved to be a winner, and his sentence was not enhanced under U.S.S.G § 2D1.1(b)(1). Movant, however, did not prevail on this argument, and his sentence included a two-level enhancement for possession of a firearm. See [Doc. No. 1500 at 192]. As the sentencing transcript makes clear, there is no question that – contrary to the allegations in the § 2255 motion - Movant's retained counsel objected to and argued against the application of the two-level specific offense characteristic enhancement for possession of a firearm on behalf of Movant. Thus, even if Movant had not waived his right to challenge his sentence in collateral proceedings under § 2255, it appears to be clear that he is not entitled to relief on the ground he asserted.

The undersigned notes finally that although Movant stated at least four times as his sole ground for relief that his counsel "failed to object to and contest the application of the firearms enhancement" *at all*, see [Doc. No. 1592 at 4]; see also [id. at 19 (same), 21 (same), 31 (same)], he also argues in his brief that his counsel should have made different and better objections, see [id.

5

at 27-30]. But even this modified ground for relief would be unavailing in this case.

"There are countless ways to provide effective assistance in any given case." Strickland v. Washington, 466 U.S. 668, 689-90 (1984). And the Supreme Court has made it clear that a reviewing court's role "is not to grade counsel's performance." Id. at 697. Rather, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Here, even assuming that his counsel performed deficiently, Movant would also be required to demonstrate prejudice by showing that "the likelihood of a different result [is] substantial, not just conceivable." Harrington v. Richter, 131 S. Ct. 770, 792 (2011).

The threshold for the applicability of the §2D1.1(b)(1) firearms enhancement is quite low. "The enhancement should be applied if [a] weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. §2D1.1, cmt. n.3. The offense to which Movant pled guilty involved conspiracy to traffick drugs. By Movant's own admission, two weapons were seized at the place where Movant was arrested – both allegedly belonging to his siblings (and co-conspirators) and both in buildings and vehicles that contained drugs. See [Doc. No. 1592 at 38-40 (affidavit of Movant)]. Nothing Movant has pointed to

suggests that Movant could carry his burden of proving that it was "clearly improbable" that the guns were not connected with the conspiracy. Even if the Movant did not physically possess the firearms, the enhancement is still appropriate if: "(1) the possessor was a co-conspirator, (2) the possession was in furtherance of the conspiracy, (3) the defendant was a member of the conspiracy at the time of possession, and (4) the co-conspirator possession was reasonably foreseeable by the defendant." United States v. Pham, 463 F.3d 1239, 1245 (11th Cir. 2006). The enhancement would apply even if Movant had no knowledge of the firearms before they were seized. See United States v. Clavijo, 165 F.3d 1341, 1342 (11th Cir. 1999). In other words, there is no "substantial likelihood" that the U.S.S.G. §2D1.1(b)(1) enhancement would not still have been applied to Movant, regardless of any other arguments made by counsel.

For the foregoing reasons, the undersigned **RECOMMENDS** that Movant's § 2255 motion be **DISMISSED** pursuant to the collateral attack waiver in his Plea Agreement, or, in the alternative, **DENIED** because he is not entitled to relief on the grounds stated in that motion.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255

AO 72A
(Rev.8/82)

movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Because Movant has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable, the undersigned further **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

Furthermore, in light of the recommendation that Movant's § 2255 motion be dismissed or denied, the undersigned **RECOMMENDS** that Movant's "Motion to Compel Action by the Court" [Doc. No. 1686] be **DENIED** as moot.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

8

    **SO RECOMMENDED AND DIRECTED**, this 28th day of February, 2014.


                                        ***S/ E. Clayton Scofield III***
                                        E. CLAYTON SCOFIELD III
                                        UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIEN HO, | : | MOTION TO VACATE |
| BOP No. 57631-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:11-CV-3189-JEC-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:05-CR-543-12-JEC-ECS |

### ORDER FOR SERVICE OF REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Attached is the report and recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Civil Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation within fourteen (14) days of service of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the report and recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be

AO 72A
(Rev.8/82)

limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED,** this 28th day of February, 2014.


                                    *S/ E. Clayton Scofield III*
                                    E. CLAYTON SCOFIELD III
                                    UNITED STATES MAGISTRATE JUDGE