IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TIEN HO, | : | MOTION TO VACATE |
| BOP No. 57631-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:11-cv-3189-JEC |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|     Respondent. | : | 1:05-cr-543-12-JEC-ECS |

**ORDER**

This matter is before the Court on (1) Movant Tien Ho's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" [1592], (2) Magistrate Judge E. Clayton Scofield III's "Final Report and Recommendation," recommending denial of that motion ("Final R&R") [1710], (3) Movant's "Traverse Response" [1714], (4) Movant's "Motion to Compel Action" [1686], and (5) Movant's "Emergency Request for the Court's Fair Discretion to Expedite the Adjudication" [1705]. For the following reasons, Movant's § 2255 motion and other motions will be denied.

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's Final R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982)(internal quotation marks and citation omitted). Those portions of the Final R&R that are not objected to need only be reviewed for clear error. *Macort v. Prem,*

*Inc.*, 208 Fed. App'x 781, 784 (11th Cir. 2006).[1]  Where objections are made, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C), and "give fresh consideration to those issues to which specific objection has been made," *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).  However, the district judge has discretion to decline to consider arguments that were not raised before the magistrate judge.  *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).  Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court."  *Id.* (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

In his "Traverse Response," Movant has raised only one objection to the Final R&R.  Movant contends that the Final R&R erred in concluding that his counsel provided effective assistance at sentencing by adopting a co-defendant's motion with respect to the

---

[1] *Macort* addressed only the standard of review applied to a magistrate judge's factual findings; however, the Supreme Court has held that there is no reason for the district court to apply a different standard of review to a magistrate judge's legal conclusions.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Thus, district courts in this circuit have routinely applied a clear-error standard to both.  *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373-74 (N.D. Ga. 2006)(collecting cases).

AO 72A
(Rev.8/82)

(in)applicability of a sentencing enhancement under United States Sentencing Guideline §2D1.1(b)(1). (*See* [1714] at *passim*.) In his § 2255 motion, Movant argued that his counsel "failed to object to and contest application of the firearm enhancement" *at all*. (*See* [1592] at 4; *id.* at 19 (same), 21 (same), 31 (same).) The Final R&R noted that, in fact, Movant's counsel did object to the application for the enhancement. (*See* [1710] at 4-5.) Now, Movant argues that "[o]bviously, there is a difference between a deposited motion challenging enhancement of the sentence and the request for the court to adopt the arguments of a codefendant's motion, that was litigated by another attorney." (*See* [1714] at 2.) This is an argument that Movant did not present to Magistrate Judge Scofield and that this Court need not consider. *See Williams v. McNeil*, 557 F.3d at 1292.

Furthermore, Movant has not objected to the Final R&R's conclusion that his § 2255 motion is barred by an enforceable collateral attack waiver in his Plea Agreement. (*See* [1710] at 2-3.) Because Movant did not object to that conclusion, it need only be reviewed for clear error, and the Court finds none.

Accordingly, Movant's objection is **OVERRULED**, and the Final R&R is hereby **APPROVED** and **ADOPTED** as the Order of the Court.

For the reasons set forth in the Final R&R, Movant is **DENIED** a Certificate of Appealability.

3

And, because this Order disposes of Movant's § 2255 motion [1592], his "Motion to Compel Action" [1686] and "Emergency Request for the Court's Fair Discretion to Expedite the Adjudication" [1705] are **DENIED** as moot.

IT IS SO ORDERED, this 25th day of July, 2014.

<pre>
                            /s/ Julie E. Carnes
                            JULIE E. CARNES
                            CHIEF UNITED STATES DISTRICT JUDGE
</pre>